THE STATE OF NEW JERSEY, EX REL. THE BOARD OF FREEHOLDERS OF THE COUNTY OF GLOUCESTER, RELATOR, v. WILLIAM C. HEPPENHEIMER, STATE COMPTROLLER.

Submitted July 5, 1901—Decided November 11, 1901.

The legislature of 1901 made the following appropriation for the Gloucester county lunatic asylum: "For the support of county patients in the Gloucester county lunatic asylum from the first day of July, eighteen hundred and seventy-three to the first day of July, eighteen hundred and ninety, $7,140; provided, that the commitments were made in accordance with the then existing laws." *Held*, that in order to justify the payment of this appropriation out of the state treasury, the burden is upon the county of Gloucester to show that patients were confined in its asylum, during the period named, in sufficient numbers, and for a sufficiently long time, to entitle the county to this sum, at the rate of payment for such patients fixed by law; and that the commitments of such patients were severally made in accordance with the then existing laws.

On application for *mandamus.* On rule to show cause.

Before Justices GUMMERE and HENDRICKSON.

For the relator, *Austin II. Swackhamer.*

For the respondent, *Samuel H. Grey,* attorney-general.

The opinion of the court was delivered by

GUMMERE, J. This is an application for a *mandamus* to compel the state comptroller to pay over to the relator the sum of $7,140 for the maintenance of certain insane patients in the county asylum. Its claim to this fund is based upon the following facts: The county of Gloucester established an asylum for the care of lunatics in the year 1861. By an act of the legislature approved April 4th, 1873 (*Pamph. L., p.* 138), it was provided "that the sum of one dollar per week for each county patient confined in any county lunatic asylum established by the board of chosen freeholders of such county shall be paid by the state treasurer, on the warrant of the comptroller, to the director of such board of chosen freeholders upon a statement to be furnished by him, giving the number of such county patients which may have been thus supported in said asylum during the preceding quarter, computing from the first day of January, one thousand eight hundred and seventy-three." The county of Gloucester, in 1893, instituted these proceedings and obtained a rule to show cause why a *mandamus* should not issue, directed to the respondent, requiring him to show cause why a peremptory, or alternative, *mandamus* should not issue commanding him to pay over to the director of its board of freeholders the sum of $7,140 for maintaining insane patients from January 1st, 1873, to December 31st, 1891. The right of the relator to the writ was resisted on behalf of the state upon the ground that its liability was limited by the act of 1873 to the payment only of such claims as had arisen during the quarter next preceding their presentation. No steps were thereafter taken in the proceeding until the year 1900, when a further

supplement to the act of April 4th, 1873, was drafted and presented to the legislature of that year and passed by that body, which provided "that any county which may have failed to present a claim for maintaining such patients (*i. e.,* insane patients in a county lunatic asylum), at quarterly intervals as herein provided, shall not be prejudiced by such delay in presenting its claim; and that the provisions of this act shall apply to any claim or claims now pending." This legislative action, however, was not sufficient to justify the financial officer of the state in making the payment demanded by the relator, for the reason that, by prior legislation, adopted June 10th, 1895, it had been provided "that from and after the first day of November, 1895, no money shall be drawn from the treasury unless it shall have been explicitly appropriated by the annual appropriation act to the purpose for which it is drawn." The legislature thereafter, at the session of 1901, was applied to to make an explicit appropriation of moneys for the purpose of paying the claim of the relator, and that body inserted in the annual appropriation law for that year the following provision: "Gloucester county lunatic asylum. For the support of county patients in the Gloucester county lunatic asylum, from July first, one thousand eight hundred and seventy-three, to July first, one thousand eight hundred and ninety-one, $7,140; provided, that the commitments were made in accordance with the then existing laws." *Pamph. L.* 1901, *p.* 436.

From the legislative provision above referred to, the right of the relator to a peremptory *mandamus* commanding the state comptroller to pay to it the sum of $7,140, depends upon two conditions—*first,* whether patients have been confined in the county lunatic asylum of Gloucester county during the period between July 1st, 1873, and July 1st, 1891, in sufficient numbers and for a sufficiently long time to entitle the county to this sum; and *second,* upon whether the commitments of said insane patients were severally made "in accordance with the then existing laws." The burden is upon the relator to affirmatively prove the existence of both of these conditions, and until it has done so the state comptroller is not only

justified in refusing to make the payment provided for by the General Appropriation act of 1891, but would be derelict in his duty if he did so.

An examination of the proof submitted by the relator discloses that it is barren of any evidence going to show that the several patients for whose maintenance and support this payment was asked, were, any of them, confined in the county asylum of Gloucester county under a commitment made in accordance with the laws existing at the time of the making thereof.

The rule to show cause should therefore be discharged.